[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, State Street Bank and Trust Company, having brought this suit to foreclose a mortgage, has moved for summary judgment both as to its claims against the mortgagor, Vera Mae Carter, and as to the special defense asserted by William E. Gilbert, who the plaintiff claims is a subsequent encumbrancer.
In fact, a default was entered against Vera Mae Carter on June 14, 1993, and the motion for summary judgment against this defendant is therefore redundant and moot as to the issue of liability.
The plaintiff has also moved for summary judgment as to the special defense of William E. Gilbert. That defense is that "[t]he mortgage alleged by the plaintiff fails to grant reasonable notice of the nature and amount of the encumbrance which was intended to be placed upon the land and, therefore, is invalid as to this defendant."
The mortgage recorded on the land records by the plaintiff is titled "Open-End Mortgage". It states that "Borrower owes Lender the principal sum of $176,000" and that "[t]his debt is evidenced by Borrower's note dated the same date as this Security Instrument" ("note"), which provides for monthly payments with the full debt, if not paid earlier, due and payable on July 1, 2018. The mortgage deed further states that it secures to the lender the repayment of "all . . . modifications" and "payment of all other sums with interest, advanced under paragraph 7 to protect the security of this Security Instrument."
The note at issue memorializes a loan in the amount of $176,000. The terms of that note are that the interest rate to be paid was subject to change every month based on an interest rate index, however the amount of the monthly payments was set on an annual basis. The note further provided that if the fixed monthly payment was less than the applicable interest in effect for each month, the shortfall would be added to the principal amount to be CT Page 3495 paid. In essence, therefore, the debt consisted of $176,000 plus indexed interest that resulted in a greater actual indebtedness than the $176,000 stated in the mortgage entered on the land records. The mortgagee has identified the current principal amount due as $185,253.56.
The validity of a mortgage as against subsequent encumbrances depends on whether it "gives notice of the nature and amount of the obligation, so that subsequent lien creditors are not misled." Dart Bogue, Inc. v. Slosberg, 202 Conn. 566, 581 (1987); Sadd v. Heim, 143 Conn. 582 (1956).
Section 49-31b(a) C.G.S. provides that "[a] mortgage deed given to secure payment of a promissory note, which furnishes information from which there can be determined the date, principal amount and maximum term of the note, shall be deemed to give sufficient notice of the nature and the amount of the obligation to constitute a valid lien securing payment of all sums owed under the terms of such note."
In Dart Bogue, Inc., supra, the Supreme Court determined that the provisions of 49-31b do not constitute a set of requirements but should be read as a statement of specific situations that should be held to fulfill the common law requirement of giving reasonable notice of the nature and extent of the secured obligation.
The issue before the court is whether the mortgagee adequately gave notice that the obligation to the bank was not $176,000 but an amount that was greater because of the note's provision allowing indexed interest to be added to the principal.
The common law standard for disclosure of the amount of the obligation is that if a mortgage is given to secure an ascertained debt, the amount of the debt is to be stated, and that "if it is intended to secure an unascertained debt, such data must be set out with respect to that debt as will put anyone interested in the inquiry upon a track leading to discovery." Sadd v. Heim, supra,143 Conn. 585-6.
Since the mortgage indicated that it applied to modifications and to other sums to be advanced and referred to a note, subsequent encumbrancers had sufficient information to "put them on the track leading to discovery" of the extent of the indebtedness. Accordingly, the court finds that the facts are not in dispute and, CT Page 3496 as a matter of law, summary judgment should enter in favor of the plaintiff as to the special defense of William E. Gilbert.
The plaintiff's motion for summary judgment as to liability is granted as to William E. Gilbert and denied as moot as to Vera Mae Carter.
Beverly J. Hodgson Judge of the Superior Court